Wood, J.
The question raised by the pleadings is, whether the 68] legacy in controversy is specific or demonstrative? If *the former, the receipt of the money, in his lifetime, by the testator, is an ademption of it, and the bill can not be sustained. If, on the *69 other hand, the legacy is demonstrative or pecuniary, it is not adeemed, and the demurrer must be overruled.
In the investigation of this case, we have been very much aided by the industry of counsel in collating the authorities, and derived no small light from the manner in which they have presented their views. The distinction which marks the specific from the demonstrative legacy is frequently nice and difficult, but it is the oft-repeated language of the books that courts lean against the former, and it is with regret the chancellor declares he finds the intention of the testator establishes a specific legacy. It is the intention of the testator, however, which is to be sought for, in the construction of a will, and when clearly ascertained, it asserts the character of the devise. So it is declared by Chancellor Kent, in Walton v. Walton, 7 Johns. Ch. 264, and by Lord Loughborough, in Coleman v. Coleman, 2 Ves. 639; and unless there is an ambiguitas latens, that intention must be gathered from the face of the will.
“I also give and bequeath to my wife, Mary, all the amount of moneys and interest that may be recovered of and from Dr. Kirker, for the purchase of the Penrose estate, to her and her assigns.” The testator does not give an amount of money to his wife, and refer to the amount due to ascertain the quantity; but the language is, all the amount of moneys and interest, etc., that may be recovered of and from Dr. Kirker. This language, in its ordinary acceptation, would seem to bestow this specific debt, and if nothing should be recovered, it could hardly be successfully claimed that the amount due from Dr. Kirker should be paid to the legatee out of the general assets of the estate.
In 2 Bro. C. 108, the interest of a bond for life to B., and the principal, on her decease, to C., was held a specific legacy. In 4 Ves. 555, £800, the amount of banker’s note, and in 2 P. Wms. 328, the residue, deducting £500 of the money owing to him by Sir H. M., were likewise adjudged to be specific legacies, *and [69 the receipt of the money by the testators an ademption thereof. These cases are cited, by Chancellor Kent, with approbation, in Walton v. Walton, 7 Johns. Ch. 264.
In principle, those cases are not distinguishable, in our opinion, from the one at bar, and we may say with the master of the rolls, in 4 Yes. 568, that “ we are sorry to be under the necessity, after very full consideration, to declare, and we do so with great *70 anxiety to hold otherwise, that this .legacy is, likewise, specific and not pecuniary.”
The demurrer is sustained, and the bill must be dismissed, with costs.
Bill dismissed.